UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRADO MADRID,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LAZER SPOT, INC.,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-00669-DAD-JLT<br><br>**ORDER DENYING EX PARTE REQUEST TO AMEND THE CASE SCHEDULE**<br><br>**(Doc. 48)** |

　　　　The plaintiff seeks an extension of time ex parte, to file non-dispositive motions. (Doc. 48) The rationale for the request is that the parties have filed competing motions to stay (Docs. 35, 47): the plaintiff seeks to stay this action to allow arbitration to proceed and the defense seeks to stay the arbitration in favor of the action filed here. Id. Upon the stipulation of the parties, the Court is scheduled to hear these motions on June 2, 2020. (Doc. 46) For the reasons set forth below, the request to amend the case schedule (Doc. 48) is **DENIED**.

**I.　　Analysis**

　　　　As an initial matter, the Court notes that plaintiff's counsel filed the request to amend the case schedule ex parte—rather than via a noticed motion—with little explanation for his employing this extraordinary method. Local Rule 144(c). He explains only that the defense would not agree to his request without a similar agreement related to the dispositive motion deadlines (Doc. 48 at 3; Doc. 51 at

1  2[1]). This is not justification for the request to be granted without a noticed motion and is not the type of

2  exceptional circumstance contemplated by Local Rule 144(c).  Likewise, he fails to seek an order

3  shortening time for a motion to be heard, as required by Local Rule 144(e). The request is procedurally

4  infirm and it is **DENIED** on that basis.

5  Aside from these procedural defects, the plaintiff counsel explains that continuing the non-

6  dispositive motion deadlines is needed so that he is not required to file non-dispositive motions while

7  the motions to stay are pending.  (Doc. 48) He does not describe his contemplated motions or explain

8  why filing them would be burdensome or prejudicial.[2] Assuming he is planning a discovery motion, if

9  he is allowed to pursue arbitration, seemingly, any evidence he gathers now would be useful in that

10 proceeding. On the other hand, presumably, when the parties stipulated to continue the hearing on the

11 stay motions into June, counsel must have made peace with the fact that the deadlines were

12 approaching and would pass before a decision on the motions. The Court cannot believe they would

13 have filed such a stipulation otherwise.

14 Plaintiff's counsel admits that the defense would stipulate to continue the non-dispositive

15 motion deadlines *if* he agreed to continue the dispositive motion deadlines.  (Doc. 48 at 3) He implies

16 that Judge Drozd needs a particular amount of time to consider dispositive motions in "[l]abor-

17 litigation," but ignores that all of the district judges in this district need extensive time to decide *any*

18 motion due to the sheer volume of motions filed and the few district judges assigned to this Court.[3] He

19 ignores also that the stay motions are akin to dispositive motions and the decisions on them are likely to

20 take weeks or months to issue. Thus, moving the non-dispositive motion filing deadline to June 19,

21 2020 (Doc. 48 at 3) is unlikely to provide him any relief.

22 Counsel ignore also that there is simply no room in the current schedule to allow the request. If

23 the Court were to allow the extension of time for non-dispositive motions, the associated hearing date

---

[1] The suggestion that filing a noticed motion would prejudice the plaintiff in his effort to compel arbitration, but his ex parte request does not, is not explained. Moreover, given the discovery motions plaintiff's counsel has attempted to pursue up to now, filing a non-dispositive motion, surely, does not tip the scale one way or the other.

[2] See n. 1.

[3] Moreover, counsel are wildly optimistic, if they believe they will preserve a December 2020 trial date, let alone obtain an earlier trial date from Judge Drozd.  This Court has been operating remotely for weeks, due to the COVID-19 pandemic, and all jury trials have been suspended.  (General Order 615) Once trials resume—one estimate is that this may not be until September 2020 at the earliest—the backlog of criminal trials is likely to be overwhelming. Even without this backlog, as it stands, Judge Drozd already has three other trials set to begin on the same day as this one.  All three have a higher priority than this one; one is criminal, two are older civil cases.

would be July 21, 2020—two weeks *after* the dispositive motion filing deadline. Though plaintiff pooh-poohs the idea of a dispositive motion, the defense is correct (Doc. 50 at 1) that the plaintiff is not entitled to decide for his opponent whether such a motion may be brought. If one is filed, they may be significantly hamstrung by not having the evidence they need because a decision on a non-dispositive motion may be issued weeks after the pertinent dispositive motion deadlines. This is the very reason why the Court set the dispositive motion deadlines well beyond the non-dispositive motion deadlines. If the Court were to also move the dispositive motion deadlines to cure this problem as urged by the defense (Doc. 50 at 5), this would leave an insufficient interval between the hearing date on the dispositive motion and the pretrial conference (Doc. 3-2 at 2).

Districts courts must enter scheduling orders in actions to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  The scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).  It is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610.  It may be modified only for good cause and only with the judge's consent. Fed.R.Civ.P. 16(b). In part, Rule 16(b)'s "good cause" standard requires a party demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ."   ." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). The fact that a party wishes to delay compliance with case deadlines does not equate to an inability to comply. For all of these reasons, the ex parte request to amend the case schedule (Doc. 48) is **DENIED**.

IT IS SO ORDERED.

   Dated:   **May 12, 2020**                       **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE