UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRADO MADRID,<br><br>        Plaintiff,<br><br>    v.<br><br>LAZER SPOT, INC.,<br><br>        Defendant. | Case No. 1:19-cv-00669-DAD-JLT<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>**(Doc. 76)** |

The plaintiff moves the Court to reconsider its order reminding counsel that the deadline to file a non-dispositive motion had passed and reminding them that if they needed to file such a motion, they must comply with Fed. R.Civ.P. 16. (Doc. 76) Seemingly, his beef is not with the passing of the non-dispositive motion deadline or that Congress, in enacting Fed.R.Civ.P.16, required a showing of good cause to allow such motions to be filed late, but that he must file a formal motion at all.  For the reasons set forth below, the motion is DENIED.

**I.     Reconsideration should be granted in extraordinary situations**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a

1

rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

### A. Plaintiff has failed to demonstrate why being required to comply with the scheduling order and Fed.R.Civ.P. 16 is manifestly unfair

At its heart, plaintiff—or more truthfully, his attorney—is irritated that the Court will no longer allow the parties to email informal complaints about the conduct of the opponent without meeting the obligations placed on them by law to bring a formal motion. The Court had been willing to assist the parties in moving the case forward by considering these issues informally, but once it became apparent that counsel abused this process, the Court put a stop to it.

Mr. Lesches seems to be most aggrieved not because the Court stopped this conduct, but because the Court stopped it before he could take full advantage of it because he wants an order allowing the deposition of a witness he now sees as important, though he did not seek to depose the witness during the discovery period.[1]

---

[1] Mr. Lesches explains in an exhibit that the witness—an employee of the defendant—had been cooperating with him, but then stopped. This is not a unique situation and is one reason why depositions are important. The Court appreciates there may have been a tactical reason to fail to take the deposition, but, often, these types of tactics backfire as it did here. In any

As evidence of the unfairness of having to comply with the law, he cites the Court to the order requiring the plaintiff to complete his deposition without requiring the defense to file a formal motion. In doing so, he ignores the realities of the situation. From the Court's view, the plaintiff repeatedly refused to submit to deposition, requiring the Court to order him to do so earlier (Doc. 27). The Court recalls that at that time, some of the reasons for plaintiff's refusal included his unwillingness to sit for his deposition except on a day he was regularly scheduled to be off work and because Mr. Lesches refused to travel to Bakersfield at an early hour unless the defense paid for an Uber driver to transport him. At that time, the Court considered both reasons to be contrary to the law. Notably, the reason the deposition had to start early, was to allow the defense to complete the deposition in one day. Despite this, the plaintiff insisted on ending the deposition early and attempted to negotiate into the agreement to allow the deposition to complete on another day, requirements that the deposition be taken by a certain day and that the stipulation would "expire."

In addition, Mr. Lesches' exhibits in support of his current motion demonstrate the difficulties encountered when selecting a date for the plaintiff's continued deposition. At least twice, Mr. Lesches indicated that Mr. Madrid would not appear at "unilaterally noticed [deposition] dates." (Doc. 78-3 at 12, 20) The Court is aware of no authority that allows a deponent to fail to appear at his deposition merely because the date is inconvenient. Instead, obtaining a convenient date rests only upon the goodwill and courtesy of the noticing party. Mr. Lesches' written demand to defense counsel to "grow the fuck up[2]," did not bode well for such an extension of courtesy. Nevertheless, the defense *did* extend this courtesy and intended to proceed on a day that was convenient to Mr. Madrid and his attorney, but the illness of a colleague of defense counsel necessitated the continued deposition of Mr. Madrid to be rescheduled once again.

At the time the Court issued its order, it was well-aware of the fact that defense counsel claimed to have attempted to notify Mr. Lesches twice by email of the problem in proceeding with the continued

---

event, if the need for the witness is righteous and the law supports it, the plaintiff is not precluded from seeking it. However, he must file a formal motion before the Court will consider it.

[2] The Court is appalled not only that this statement was made by Mr. Lesches to his opposing counsel but also that he seems to feel no embarrassment at having uttered it given the fact he freely filed it on the Court's docket. The irony that the statement was made in an email and was intended as a criticism of defense's counsel's failure to telephone rather than sending an email, is not lost on the Court.

deposition. Giving Mr. Lesches the benefit of the doubt, the Court chose to believe at that time that Mr. Lesches simply had not checked his email in time to receive the information from defense counsel. It did not accept that Mr. Lesches would not extend the needed courtesy. Nevertheless, Mr. Lesches has now clarified that, in fact, he *did* receive the emails and knew their content but decided to appear at the deposition, nonetheless. The exhibits Mr. Lesches filed demonstrate that the reason for this conduct was out of an attempt to create a "gotcha" moment. His position, that because the defense "unilaterally" cancelled the deposition, this meant that the plaintiff would be excused from completing his deposition. Nevertheless, the wisdom of the Court's order to require the plaintiff to fulfill his promise to submit to continued deposition is not at issue[3], but, having reviewed the further documents submitted by Mr. Lesches, it is further assured that the order was proper and correct.

The exhibits presented by Mr. Lesches also further emphasizes the correctness of the Court's unwillingness to further engage with counsel in an informal fashion. They demonstrate that the conduct in this action has been far from courteous and in many instances should embarrass those involved. The fact that the Court determined that this ongoing conduct required a formal record generated by properly noticed motions comports with prudence.

Moreover, the fact that the Court allowed defense counsel additional time to provide the proposed facts to plaintiff's counsel was to assist counsel in being able to be fully informed before they were required to meet and confer. Even now, the plaintiff fails to demonstrate how this benefits only the defense or how it prejudices the plaintiff.[4] In raising this point, he ignores that the Court agreed with his position—raised informally—that meet and confer was required and that the proposed facts had to be prepared. The point to the exercise is to lessen the burden on the Court and agreement on issues *can only occur* if both sides know the pertinent information. The plaintiff is wrong to believe that allowing the facts to be draw up a bit later demonstrated favoritism. Rather it demonstrated the Court's adherence to the favor the law places on resolution of disputes by the parties.

---

[3] The Court's rationale is set forth on the docket (Doc. 72) in denying the plaintiff's request that the Court' reconsider the order that he submit to his continued deposition.

[4] The argument that the plaintiff has been prevented in his discovery efforts is not well-taken, but, in any event, the Court has granted the parties' stipulation to extend the deadline to file dispositive motion to September (Doc. 92), which moots this argument.

Because the plaintiff fails to demonstrate any error in the order it issued, let alone manifest injustice, the motion to reconsider it is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 10, 2020**              /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE